IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RAYSHAWN LANDON CRUMP,            )
                                 )
            Petitioner,           )
                                 )
        vs.                       )        Case No. CIV-12-175-D
                                 )
TIM WILKINSON, Warden             )
                                 )
            Respondent.           )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petition [Doc. 1] and Brief in Support [Doc. 7] (hereinafter "Petitioner's Brief").[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a Response [Doc. 10] and the relevant state court Hearing Transcript (H. Tr.) and Petitioner relied [Doc. 15]. The matter is now at issue. For the following reasons, it is recommended that the Petition be denied.

### Procedural History

Petitioner entered a *nolo contendere* plea and was convicted in the District Court of Oklahoma County, Case No. CF-2007-2999, on two counts of assault with a firearm, one count of using a vehicle to facilitate the discharge of a firearm, and one count of possession

---

[1]For all documents, page citations herein will reflect this Court's CMECF pagination.

of a firearm. Petition, p. 1; Response, Ex. 5, p. 2.[2] He was sentenced to thirty years on each count of the four counts, to run concurrently. Petitioner's Brief, p. 2. Petitioner timely moved to withdraw his plea, and following a hearing, the state court denied the motion. Petitioner's Brief, pp. 6-7; H. Tr., pp. 3-18. Petitioner appealed, and the Oklahoma Court of Criminal Appeals (OCCA) denied his petition for writ of certiorari and affirmed the judgment and sentence of the district court. Response, Ex. 3, p. 3.

### Petitioner's Habeas Claim

Petitioner alleges that his *nolo contendere* plea was not knowing and voluntary because "he did not understand the charges and was mislead by trial counsel concerning the nature of the plea and the sentence." Petition, p. 4. Petitioner does not offer any argument or other supporting facts in the Petition; however, in his supporting brief, he focuses solely on the argument that trial counsel mislead him regarding the sentencing. Petitioner's Brief, pp. 14-21; Reply, p. 8 ("Crump's claim is that, even though he understood how the sentencing procedure was *suppose* to work, he was led to believe that in his specific case, the direction of the trial judge's sentencing decision had been altered by an understanding with defense counsel.").

Without any factual support for the argument that Petitioner "did not understand the charges," the undersigned cannot conduct any meaningful review of that allegation. *See*

---

[2]Although Petitioner states that his convictions included two counts of shooting with intent to kill, Petition, p. 1, he notes in his brief that "the first two counts were amended to Assault with a Firearm." Petitioner's Brief, p. 6. The plea form likewise reflects two counts of assault with a firearm. Response, Ex. 5, p. 2.

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 (10th Cir. 2012) (holding that petitioner's conclusory allegations lacking any factual or legal explanation provided no basis for review). Consequently, the undersigned has addressed only Petitioner's request for habeas relief based on trial counsel's alleged misrepresentation regarding sentencing.

## Standard Governing Habeas Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the standard for this court's review when the OCCA denies a habeas claim on the merits. Although Petitioner urges the court not to apply the AEDPA, the undersigned recommends a contrary holding.

### I. Petitioner's Argument

Petitioner argues that the AEDPA is unconstitutional, specifically asserting that "'deference' provisions" in the AEDPA interfere "with the decision-making of the federal courts in an unconstitutional manner" and require "federal district courts to ignore the clear and binding precedents of the circuit courts above them if those precedents have not also been clearly established by the Supreme Court." Petitioner's Brief, pp. 10-11. The fact, however, that the Supreme Court has repeatedly applied the AEDPA "solidifie[s] [its] constitutional foundation." *Crater v. Galaza*, 491 F.3d 1119, 1129 (9th Cir. 2007). Moreover, five circuit courts have specifically rejected similar challenges to the AEDPA,[3]

---

[3]*See Cobb v. Thaler*, 682 F.3d 364, 373-77 (5th Cir. 2012) ("We reject Cobb's argument that § 2254(d)(1) is unconstitutional under Article III . . . ."); *Evans v. Thompson*, 518 F.3d 1, 4-12 (1st Cir. 2008) (holding that the AEDPA did not violate Article III or the separation of powers doctrine); (continued...)

3

and the Tenth Circuit Court of Appeals has rejected Petitioner's argument in several unpublished decisions. *See Bonomelli v. Dinwiddie*, 399 Fed. Appx. 384, 387 (10th Cir. 2010) (affirming the district court's rejection of petitioner's argument that the AEDPA violates the constitution's separation of powers doctrine); *see also Olona v. Williams*, 13 Fed. Appx. 745, 747 (10th Cir. 2001)(finding that the argument "that AEDPA somehow violates Article III has been foreclosed by the Supreme Court's opinion in *Williams v. Taylor*, 529 U.S., 362, 378-79 (2000)); *Ulrey v. Zavaras*, No. 12-1010, 2012 WL 2045769 (10th Cir. June 7, 2012). With the weight of these authorities, the undersigned recommends rejecting Petitioner's attack on the constitutionality of the AEDPA.

II. The AEDPA Standard

"[The AEDPA] reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786 (2011) (citation omitted). Thus, habeas relief may be granted only if the OCCA's adjudication of the merits of a federal claim has resulted in a decision that was "contrary to, or involved an

---

[3](...continued)

*Crater v. Galaza*, 491 F.3d 1119, 1126-30 (9th Cir. 2007) (holding that the deference provisions of the AEDPA did not violate the separation of powers doctrine); *Mueller v. Angelone*, 181 F.3d 557, 572-73 (4th Cir. 1999) (rejecting a claim that the AEDPA had prevented the exercise of judicial authority in violation of the Supremacy Clause and noting that a similar theory under the separation of powers doctrine had been "squarely foreclosed" in the Fourth Circuit); *Lindh v. Murphy*, 96 F.3d 856, 868-70 (7th Cir. 1996) (holding that the deference language of the AEDPA "preserves rather than undermines federal courts' independent interpretive power"), *rev'd on other grounds*, 521 U.S. 320 (1997).

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States . . . ."  28 U.S.C. § 2254(d)(1).

The AEDPA further mandates that factual findings made by a state trial or appellate

court are presumed correct and may be rebutted only by "clear and convincing evidence."

28 U.S.C. § 2254(e)(1).

### Analysis of Petitioner's Claim

Petitioner's only fully-briefed allegation involves a claim that his plea was not

knowing and voluntary based on trial counsel's misrepresentation "that the trial judge would

sentence [Petitioner] to something in the nature of 10 years in prison followed by 10 years

of probation."  Petitioner's Brief, p. 19.  The OCCA rejected that claim, and giving proper

deference to the state court's factual finding, the undersigned concludes that habeas relief is

not warranted on Petitioner's claim.

In *Boykin v. Alabama*, 395 U.S. 238 (1969), the Supreme Court clearly established

that acceptance of a guilty plea is permissible only when it is knowing and voluntary.  *See*

*Boykin*, 395 U.S. at 242.  Thus, the defendant must have "a full understanding of what the

plea connotes and of its consequence."  *Id.* at 244.

After Petitioner moved to withdraw his plea, the trial court held a hearing.  There,

Petitioner testified to the same allegations raised in this habeas action, i.e., that Petitioner's

trial attorney had promised him a "specific number" on a blind plea sentence and that

Petitioner only agreed to enter a plea based on that promise.  H. Tr., pp. 6-7.  However,

Petitioner also admitted under oath that he had understood that "the judge could do whatever he would like to do." *Id.*, p. 9. Petitioner never identified the "specific number" he was allegedly promised.

After hearing Petitioner's testimony and reviewing the relevant Plea of Nolo Contendere and Summary of Facts Form, the trial court made the following factual finding:

> Based on the evidence I have before me, I find that Mr. Crump entered his plea of guilty with a full understanding of his rights. I find that his plea was freely and voluntarily given. I find that under the evidence I've heard today, the please (sic) of no contest should not be withdrawn.

H. Tr., pp. 15-16. On appeal, the OCCA found this holding to be "supported by the record." Response, Ex. 3, p. 2.

As noted, to overcome the presumption that the state court's factual finding is correct, Petitioner must present clear and convincing evidence. Petitioner fails to offer **any** evidence to rebut the state court's finding. Rather, Petitioner simply argues for a different finding based on the same facts considered by the state courts. Petitioner's Brief, pp. 10-13. In addition, Petitioner cites *Mendoza v. Hatch*, 620 F.3d 1261 (10th Cir. 2010), a case which he contends "mirrors" his own case, as support for his claim that he is entitled to habeas relief.

In *Mendoza*, the Tenth Circuit Court of Appeals held that a federal district court cannot rely exclusively on in-court statements during the state plea colloquy to determine that a plea was knowing and voluntary. *Mendoza*, 620 F.3d at 1269-70 (noting such would be contrary to the Supreme Court's observation in *Blackledge v. Allison*, 431 U.S. 63, 73, that

"no procedural device for the taking of guilty pleas is so perfect in design and exercise as to warrant a per se rule rendering it 'uniformly invulnerable to subsequent challenge[]'"). Petitioner asserts that the state trial court did just that and argues that its finding was therefore unreasonable. However, *Mendoza* is inapposite because here the trial court did not rely exclusively on Petitioner's plea colloquy but also considered - and ultimately discredited - Petitioner's testimony at a subsequent hearing on Petitioner's request to withdraw his plea, discussing both Petitioner's answers on the plea form and his conflicting testimony at the hearing before making a ruling. *See* H. Tr., pp. 14-15. Thus, *Mendoza* does not support Petitioner's claim for habeas relief.

The state court made a factual determination that Petitioner's *nolo contendere* plea was knowing and voluntary, and Petitioner has failed to rebut the presumed correctness of that finding. Giving the required deference to that ruling, the undersigned finds that Petitioner has failed to demonstrate that the decision of the OCCA was contrary to or an unreasonable application of federal law as determined by the Supreme Court, and therefore, habeas relief is not warranted .

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the Petition for a Writ of Habeas Corpus be denied.

Petitioner is advised of his right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be

filed with the Clerk of this Court by the 11th day of October, 2012. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 21 day of September, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE