**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RAYSHAWN LANDON CRUMP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-12-175-D |
| ) | |
| ) | |
| TIM WILKINSON, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Petitioner, a state inmate represented by counsel, brought this action seeking a writ of habeas corpus pursuant to 28 U. S. C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings.

On September 21, 2012, the Magistrate Judge filed a Report and Recommendation [Doc. No. 19] in which she recommended that the Court deny the petition for habeas relief. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo.*

As accurately explained in detail in the Report and Recommendation, Petitioner entered a plea *nolo contendere* to charges pending in the District Court of Oklahoma County, and was convicted on two counts of assault with a firearm, one count of using a vehicle to facilitate the discharge of a firearm, and one count of possession of a firearm. He was sentenced to thirty years' imprisonment on each count, to be served concurrently. He moved to withdraw his plea, and his motion was denied by the trial court. The Oklahoma Court of Criminal Appeals affirmed the state court.

In support of his request for habeas relief, Petitioner alleges his plea was not knowingly and voluntarily entered. As the Magistrate Judge noted in her discussion of the factual record in this

case, that same contention was raised by Petitioner in the state court and on his appeal to the Oklahoma Court of Criminal Appeals. As explained in the Report and Recommendation, the record shows the trial court conducted a hearing on Petitioner's motion, including his claim that his plea was not knowing and voluntary because his attorney misrepresented to him the likely sentence that would be imposed following a *nolo contendere* plea. During the trial court's hearing on his motion to withdraw the plea, however, Petitioner admitted under oath that he understood the trial judge could do whatever he wanted with respect to the sentence to be imposed, and he never identified the specific number of years his attorney allegedly represented as the maximum sentence. Following the hearing on Petitioner's motion to withdraw the plea, the trial court held that the evidence did not support Petitioner's contention, and it found the evidence showed that his plea was knowingly and voluntarily made. On appeal, the Court of Criminal Appeals found that determination to be supported by the evidence.

As the Magistrate Judge correctly held, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides this Court's standard of review. Thus, the Court may grant habeas relief only if the Oklahoma Court of Criminal Appeals adjudication of the merits of Petitioner's claim resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U. S. C. § 2254(d)(1). Pursuant to the AEDPA, factual findings made by a state trial or appellate court are presumed correct, and they maybe rebutted only by "clear and convincing evidence." 28 U. S. C. § 2254(e)(1).

Accordingly, to obtain habeas relief in this case, Petitioner must present clear and convincing evidence to show the state court and appellate court erred in finding his plea was knowing and

voluntary. The Magistrate Judge correctly concluded that Petitioner has failed to do so in this case.

In fact, Petitioner's primary focus in this case is his contention that the AEDPA should not govern because it is unconstitutional. As the Magistrate Judge explained, however, the Tenth Circuit Court of Appeals has expressly rejected the contention that the AEDPA is unconstitutional. *See Bonomelli v. Dinwiddie,* 399 F. App'x 384, 387 (10th Cir. 2010) (unpublished opinion); *Olona v. Williams,* 13 F. App'x 745, 747 (10th Cir. 2001) (unpublished opinion) (citing *Williams v. Taylor*, 529 U.S. 362, 378-79 (2000)). Additionally, other circuit courts have rejected challenges to the constitutionality of the AEDPA. *See Cobb v. Thaler*, 682 F.3d 364, 373-77 (5th Cir. 2012); *Evans v. Thompson*, 518 F.3d 1 (1st Cir. 2008); *Crater v. Galaza,* 491 F.3d 1119, 1126-30 (9th Cir. 2007); *Mueller v. Angelone,* 181 F.3d 557, 572-73 (4th Cir. 1999); *Lindh v. Murphy*, 96 F.3d 856, 868-70 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997).

Petitioner has failed to present argument or authority sufficient to convince this Court that the AEDPA is unconstitutional, and that contention is rejected. Furthermore, as the Magistrate Judge explained, Petitioner's arguments attempting to distinguish his case from the precedent governing such claims is not persuasive.

Accordingly, the Report and Recommendation [Doc. No. 19] is adopted as though fully set forth herein. The petition for habeas relief is denied. Judgment shall enter accordingly.

IT IS SO ORDERED this 20th day of November, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE